# LOTTIE ALBRIGHT, Respondent, v. JOPLIN OIL COMPANY, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. **MUNICIPAL CORPORATIONS:** Negligence of Driver in Not Discovering Person's Peril Held Question for Jury. Evidence that one riding a bicycle on the wrong side of the street towards an approaching truck stepped off of the bicycle twenty or twenty-five feet from the truck, and in line with it, and that such a truc' running ten or twelve miles an hour, could be stopped within ten or twelve feet, made a question for the jury whether the driver of the truck acted as a reasonably prudent person in not discovering that the bicyclist could not extricate himself from the perilous position before being struck.

2. ———: Driver Entitled to Proceed Until Apparent that Bicycle Rider on Wrong Side of Steet was Oblivious to Danger, or Unable to Extricate Himself. One driving an automobile on the right side of the street, and meeting a bicycle on the wrong side, had a right to proceed and assume that the bicyclist would use reasonable exertion to turn out of the way, until it was apparent, or would have been apparent to an ordinarily careful person, that the bicyclist was oblivious to the danger, or, though conscious of the danger, unable to extricate himself, for want of time or other cause.

3. **NEGLIGENCE:** Recovery Under Humanitarian Doctrine on General Allegation Authorized. A recovery under the humanitarian doctrine may be had on a petition merely charging general negligence.

4. **MUNICIPAL CORPORATIONS:** Consciousness of Danger from Approaching Vehicle Does Not Defeat Recovery Under Humanitarian Rule, if Deceased was Unable to Escape. Plaintiff was not precluded from recovering for the death of her husband under the hunmanitarian rule, though her husband was conscious of the danger from an approaching truck, if, through his negligence, he was in a place where he had not the ability to extricate himself, and the situation was apparent to the driver of the truck in sufficient time and space to have avoided the accident by stopping the truck.

5. **NEGLIGENCE:** "Humanitarian Doctrine" Stated. When one is oblivious to danger, or, for physical reason, or want of time, is apparently not going to get out of danger, and this attitude

becomes apparent to one using an instrumentaity that will cause injury, and the attitude of the onein danger is apparent for a sufficient length of time for an ordinarily reasonable person, using ordinary vigilance, to have discovered it, and the user of the instrumentality has the means at hand to avoid the injury by the exercise of ordinary use of the same, it is his duty to so manage the instrumentality as not to cause injury, and a failure so to do constitutes negligence.

6. **TRIAL:** Instruction on Issue Not Supported by Evidence Not Required. An instruction authorizing a recovery for the death of a person struck by a truck, under the humanitarian rule need not require a finding that he was oblivious to the danger, where there was no evidence upon which to base such a finding.

7. ———: Instruction Authorizing Recovery Under Humanitarian Rule Erroneous as Omitting Inability to Avoid Danger. In an action for the death of a person struck by a truck, an instruction authorizing a recovery under the humanitarian rule *held* erroneous as not requiring a finding that the driver of the truck could have seen deceased was in a place where he could probably not extricate himself from danger for a sufficient length of time and space to have stopped the truck or turned so as to avoid striking him.

Appeal from Jasper County Court.—*Hon. Grant Emerson,* Judge.

REVERSED AND REMANDED.

*R. A. Pearson* and *Mercer D. Smo'd* for appellant.

(1)    Under the plaintiff's petition there can be no recovery.    (a)    Because it shows decedent on the wrong side of the street, turning directly to the left, in the course of an approaching automobile, with knowledge or the full means thereof, and with no excusing circumstances.    (b) Because it fails to state a cause of action under the humanitarian doctrine; it does not allege obliviousness on the part of the decedent, nor in its absence, any inability or limitation of his ability to avoid the injury.    29 Cyc. 694; Rubeck v. Sandler, 219 S. W. 406; Starke v. Bingham, 223 S. W. 946; Knapp v. Dunham, 195 S. W. 1062; Markowitz v. Railroad, 186 Mo. 350.    (2)    The peremptory instruction asked by defendant should have been given.    (a)

Because under the testimony plaintiff's intestate was himself contributorily negligent in turning into the left side of the street and knowingly in the course of an approaching automobile.  (b)  Because no obliviousness of of decedent's peril or defendant's knowledge thereof is shown, nor that decendent was less able to avoid injury than defendant's driver, at any sufficient time prior to the contract that he could have avoided it, so that decedent's contributory negligence was continuing and any omission of the driver's not the proximate cause of the injury. Columbia Taxicab Co. v. Roemmich, 208 S. W. 861; Topping v. Bourne, 191 S. W. 1032; Bourrett v. Railway, 121 N. W. 380;  Matteson v. Railway, 92 p. 101;  Kenelen v. Railroad, 216 Mo. 164;  Moore v. Railway, 176 Mo. 545; Hopkins v. Auto School, 196 S. W. 775; Haffey v. Railroad, 154 Mo. App. 493; Hilmowicz v. Parker Webb Co., 131 N. W. 526; Lizzi v. Haff, 96 N. Y. S. 456; Simms v. Railroad, 116 Mo. App. 573; Robbishand v. Spence, 112 Me. 13, 90 Mo. App. 430; Holwerson v. Railroad, 157 Mo. 216.  (3) Plaintiff's instructions 1 and 2 omit indispensable elements of liability.  A situation of danger must predicate obliviousness or helplessness of plaintiff, as well as time to defendant to act.  Plaintiff's instruction under the last chance rule must contain all the elements of a liability. Knapp v. Dunham, 195 S. W. 1062; Stark v. Bingham, 223 S. W. 496; Holwerson v. Railway, 157 Mo. 245.  (4) Defendant must have had sufficient time after realizing plaintiff will not exercise ordinary care for his own safety, in which to act to avoid injuring him.  Pope v. Railroad, 242 Mo. 232; Hebler v. State Railway, 132 Mo. App. 551.

*Walden & Andrews* and *Hugh Dabbs* for respondent.

(1)  Plaintiff's petition states a good cause of action under the humanitarian doctrine.  Mere negligence on the part of deceased in going into danger will not defeat recovery under the humanitarian rule, if after his perilous situation is apparent there is yet time for the truck driver to avoid injuring him by the exercise of ordinary care. Ingino v. Met. St. Ry. Co., 179 S. W. 773; Newton v. Har-

vey, 202 S. W. 249; Bybee v. Dunham, 198 S. W. 190, 193; St. L. etc. Rd. Co. v. Cambron, 131 S. W. 1130; Woods v. Railroad, 188 Mo. 229; Strother v. Dunham, 193 S. W. 882, 885; Muller v. Harvey, 204 S. W. 927; Bailey v. Railroad, 224 S. W. 837. Plaintiff's right of recovery is not dependent on deceased's obliviousness of peril. This is not a necessary element where the facts do not make it so. Newton v. Harvey, 202 S. W. 251; Woods v. Wabash, 188 Mo. 229; Ross v. Railroad, 132 Mo. App. 472; Bybee v. Dunham, 198 S. W. 193; Strother v. Dunham, 193 S. W. 885; Martin v. Kansas City Ry. Co., 204 S. W. 589; Flynn v. Railroad, 166 Mo. App. 182; Nufer v. Met. Ry. 182 S. W. 792. The case was tried on the theory that obliviousness of peril was not an element in issue and appellant will not be permitted to raise that issue in the appellate court. Newton v. Harvey, 202 S. W. 251. (2) The peremptory instruction asked by defendant was properly refused. When an automobile driver sees that a collision is about to occur, and that another person is so circumstanced that, though aware of it, he is unable to avoid or escape the danger, the driver's duty to avoid a collision, if he can reasonably do so, is complete, and if he fails to avoid it the injured party's right of recovery is not dependent upon the element of obliviousness. Newton v. Harvey, 202 S. W. 249; Ingino v. Met. St. Ry. Co., 179 S. W. 771; Woods v. Wabash, 188 Mo. 229; Ross v. Railroad, 132 Mo. App. 472; Bybee v. Dunham, 198 S. W. 193; Strother v. Dunham, 193 S. W. 885; Bailey v. Railroad, 224 S. W. 837. (3) Plaintiff's instructions 1 and 2 properly declare the law. If plaintiff's husband got into danger when plaintiff's evidence said it did, then the want of obliviousness to danger had no influence on the driver. Hence, obliviousness to peril was not a contested issue in the case and it was not proper and necessary for the instructions to affirmatively submit this issue to the jury. Bybee v. Dunham, 198 S. W. 193. Also cases cited under points one and two. (4) In the case at bar, if it be assumed that the deceased was guilty of negligence in turning toward the curb and proceeding west upon the

left side of the street, and that if he did so, the driver knew that it was impossible for the deceased to get out of the course of the automobile, then it was his duty to use ordinary care to avoid injuring him. These facts make inapplicable. Pope v. Railroad, 242 Mo. 232; Hebler v. St. Ry., 132 Mo. App. 551; Knapp v. Dunham, 195 S. W. 1062.

FARRINGTON, J.—Plaintiff, the widow of Albert I. Albright, brought this suit to recover damages under section 5426, Revised Statutes of 1909, now section 4219, Revised Statutes of 1919, and recovered a judgment for $3,000 in the trial court. It is from this judgment that defendant brings its appeal to this court charging, first, that the petition does not contain a charge sufficient to permit a recovery under the humanitarian rule. Second, that the evidence does not justify a verdict and judgment based on the humanitarian rule. Third, that the instructions asked by the plaintiff and given by the court were faulty, in that they failed to contain the necessary elements required on which to base a finding for plaintiff under the humanitarian rule. There is, also, some question raised about an amendment made to the petition upon which the case was tried.

We will dispose of this last objection first by stating that the record clearly shows that this suit was brought within time as provided by the statute, and that the amendment allowed by the trial court was proper.

Before proceeding to dispose of the assignments concerning the humanitarian doctrine, we will state the facts. Plaintiff's husband was a man 42 years of age, in good health and possessed of all of his faculties, the father of three children, and was employed in the postal service at Joplin, Missouri. On the afternoon of August 27, 1917, he rode a bicycle north on Wall street, on the left hand side or west side of same, being on the wrong side of the street. He proceeded north until he came within three, four or five feet of the center of 7th street,

which runs east and west and intersects Wall street. Having reached this point at the intersection of the streets, which made him on the left side of the intersection of Wall street and a few feet from the center of 7th street, he suddenly changed his course, which was to the north, and started his bicycle to the west and southwest. He was operating his bicycle slowly. At the time he made this sudden turn to the west in the intersection of these two streets he went to the south side of 7th or left hand and the wrong side of the Street. An automobile truck belonging to defendant, being driven by one of its drivers, was coming east on 7th street and was at a point about 135 feet west of the intersection. The driver of the truck saw plaintiff's husband make this turn and start west on 7th street on the wrong side of the street. They both proceeded on their way approaching each other. There is nothing in the evidence which would in any way indicate that the deceased was oblivious to any danger or that he did not see the automobile truck coming toward him from the west, nor was there any obstruction between them. Taking the evidence as most favorable to plaintiff, the facts disclose that at some point before he was struck by the truck he got off of his bicycle, one hand on the handle-bars and the other on the saddle. The truck came on him, and apparently the front end of it passed the deceased but he was struck in the head by some projection of the truck and knocked down on his wheel, he falling in the street near the curb, and was immediately rendered unconscious and died within a few hours in a hospital.

It appears from the record that a suit was brought by this plaintiff and that after the evidence was in, a voluntary nonsuit was entered. From the record before us it is apparent that in that case plaintiff's witnesses placed the distance between the on coming truck and the deceased when he got off of his bicycle at something like six or eight feet. The speed of the automobile truck, as given by the witnesses, was something like ten or twelve

miles an hour, and it is perfectly apparent that if he did enter the danger zone at a distance where there would be only six to eight feet between the on coming truck and himself there would be no case made, which probably accounts for the non-suit entered in the original suit. On this trial, however, two witnesses place the distance where he first stepped off of his bicycle and the on coming truck at 20 to 25 feet, and they further placed him in line of the on coming truck; and it appears from the evidence that a Ford truck, which defendant was using, running ten or twelve miles an hour, can be stopped within ten or twelve feet, which would have given the driver a sufficient length of time to stop the automobile before striking the plaintiff's husband after he saw him in front of him off his bicycle, with 25 feet distance between them. At least, it would be a question for the jury to say whether the driver of the automobile acted as a reasonably prudent person would act in not discovering that the deceased could not extricate himself from this perilous position before the front end or some part of the truck would strike him.

Defendant's evidence tends to show that when the truck driver first noticed plaintiff's husband make this sudden turn to the west and southwest toward the south curb of 7th street, he was 135 feet from him and some where near the center of the street, and that when he he saw him coming on his bicycle toward him, on the wrong side of the street, he veered his automobile to the south or south curb, which would, of course, be the natural and lawful thing for him to do and which he had a right to do, and he would have a right to continue along that space of the street until he reached a point where it would become apparent to an ordinarily careful person either that the deceased had negligently gotten himself into a perilous position and was oblivious to the danger arising therefrom, or that he, having negligtntly gotten himself into that position, was unable, although conscious of the danger, to extricate

himself, that is, that he would not have time to move with his bicycle from the dangerous position to one of safety before he would be struck or probably be struck by the on coming truck. We are of the opinion that the driver of the truck had a perfect right to continue down the street, the deceased showing no evidence of being oblivious to the danger of remaining on the wrong side, and that he had every reason to believe that as they were both approaching each other they could see each other, and that he would further have a right to rely on the fact that the deceased, being on the wrong side of the street and seeing the truck approach, would use reasonable exertions to turn out of the way and exercise that degree of care for himself which any ordinary, prudent person is expected to use. The fact, therefore, of itself that the deceased was in the street, on the wrong side thereof, when there was no appearance of his being oblivious to the on coming truck, would not place a duty on the driver of the truck to slacken his speed or change his course so long as he was on the right side of the street where he belonged and within the law and the traffic rules, until he reached a place where it was apparent to the driver of the automobile that the deceased was unconscious of his on coming danger, or although duly alive to the danger he was unable to get to a place of safety. As we view this case, plaintiff's evidence to the effect that the automobile was twenty to twenty-five feet from the deceased when he stepped off of the bicycle in front of it, and to the effect that by the use of the means at hand the automobile driver could have stopped or slackened the speed of the car or changed its course within that space so as to avoid the injury, are the facts which will take this question to the jury to find whether the defendant was negligent under the circumstances set forth. There is sufficient evidence to sustain a finding of the jury that the deceased was in a position where, being aware that the automobile was coming, and there is no showing to the contrary, the driver of the automobile could have a right to rely on him extricating him-

self from the danger; and a finding that as they proceeded to get nearer each other the deceased suddenly turned over to the left so nearly in front of the automobile as to not entirely clear it as they passed, and a finding that when the sudden turn to the left was made it was within too short a space for the driver of the automobile to act. This disposes of the complaint urged against the action of the trial court in failing to sustain an instruction in the nature of a demurrer to the evidence.

The next two assignments amount to the same thing except one is that there is a failure to plead a necessary element in the petition in order to recover under the humanitarian doctrine, and the other is that the instruction given for the plaintiff fail to sustain a finding of this necessary element before liability is established. The element charged by appellant as being lacking, both in the petition and instructions, is that there was no charge in the petition that it was apparent to the automobile driver that the deceased was oblivious to any danger, or that he had unwittingly gotten himself into a position of danger where he could not by the use of ordinary caution extricate himself in time to save himself, and that there is nowhere in plaintiff's instructions a charge that they must find that the deceased was oblivious to his danger or was seen by the defendant's driver to be in a place of danger from which he could not extricate himself, and that the driver, having seen this, yet had the time, and the space, and the means at his hand that would permit a person of ordinary prudence to avoid a collision.

We think that this judgment must be reversed and remanded because the instructions do fail to contain the necessary elements in order that a finding may be upheld under the humanitarian rule, and for this reason it will not be necessary for us to go fully into the question as to the omission of the same elements in the petition, as on a re-trial plaintiff will be permitted, if she so desires, to amend the petition in this respect.

It will be observed that in the following cases the rule is laid down that where a plaintiff undertakes to state specific acts of negligence and thereby undertakes to state

specifically a case under the humanitarian rule, it is necessary for the petition to either allege that it was apparent to the defendant that the injured party was oblivious to the peril, or that he was in a situation where he was unable to extricate himself, and that this appeared to the defendant in time to save an injury by the exercise of ordinary care in using the means at hand to avoid it. [Rubeck v. Sandler, 219 S. W. 1. c. 406; Stark v. Bingham, 223 S. W. 946; Knapp v. Dunham, 195 S. W. 1062.]

Without giving our full assent or dissent to the rule announced in these cases, so far as the petition is concerned, we further call attention to a long and well established rule in Missouri, that there may be a recovery under the humanitarian doctrine based upon a petition merely charging general negligence. [Frankel v. Hudson, 271 Mo. 495, 196 S. W. 1121.]

The issue here, under the evidence, however, is a sharp one concerning whether it was apparent to the driver of the automobile that the deceased was in a position of danger from which he could not extricate himself, in time and with the means at the hand of the automobile driver to avoid the collision; or, on the other hand, whether he was in a position where he was not oblivious to his danger and at a place where he could extricate himself, and continued in such position until they came so close together that he then turned to the left within such a short space as to not require the defendant's truck driver under any rule to act. There is no place in the record before us for a finding of obliviousness on the part of the deceased because he was in possession of all of his faculties, was approaching the defendant's car and from all appearances did see it, and must therefore be held to have seen it. The plaintiff, howev ever, will not be precluded from recovery under the humanitarian rule merely because her husband was not oblivious to the danger he was in. She may recover if, although conscious of his danger, he was in a place where he had through his negligence not the ability to extricate himself, and that condition and situation was apparent to defendant's driver in sufficient time and space to have avoided the accident by stopping the car. [Newton v. Harvey, 202

S. W. l. c. 251; Frankel v. Hudson, 271 Mo. 495, 196 S. W. 1121.]

As we conceive the humanitarian rule, it is to be applied in favor of one who has gotten into a place of danger, not purposely or wantonly, but through ignorance, unwittingly or negligently, and being there is either ignorant, unconscious or oblivious to the danger he is in, or for some physical reason or want of time is apparently not going to get out of the danger.  When this attitude of a person becomes apparent to one using an instrumentality that will injure him unless some action is taken by the one controlling same to avert it, and the attitude of the one in danger is apparent for a sufficient length of time for the ordinary reasonable person, using ordinary vigilance, to have discovered it, and the user of such instrumentality has at his hands the means, by the exercise of ordinary use of same, to avoid an injury, it becomes his duty to so manage his instrumentality as not to cause injury, and a failure so to do constitutes negligence and liability under the humanitarian rule.  The very basis of the rule is that the plaintiff is in a position of danger from which there is an inability on his part to escape, and that inability may result from a physical cause as of a foot being caught which renders him unable to escape, or from a mental state as of being unconscious or oblivious to his danger and for that reason while his physical state is unimpaired, he is deprived of the mentality to realize his danger and escape it.

It, therefore, becomes most essential, then, in order that there may be a recovery under the humanitarian rule, that a finding be made that to an ordinary person the injured party was apparently oblivious to the danger, in cases where the evidence presented the question that the injured party was oblivious and unconscious of his danger, or on the other hand there must be a finding that the injured party apparently could not extricate himself although conscious of his danger.

The two instructions asked by plaintiff fail to contain a finding that the deceased could, by the exercise of ordinary care on the part of the defendant's driver, have been seen in front of him in a place, where he would probably not

extricate himself, for a sufficient length of time and space to have stopped or slackened the speed of the car or turned out so as to avoid striking him. It was not necessary for the instruction in this case to contain a finding that the deceased was apparently oblivious because there was no evidence to base such a finding upon, and under the facts of this case it is not an element that enters into the question of liability. We herein set out plaintiff's first instruction, which covered the entire case and permitted a finding for the plaintiff:

"The court instructs the jury that if you find and believe from the greater weight of the evidence that the plaintiff was upon the 27th day of August, 1917, the wife of Albert Albright and that suit was thereafter commenced within six months of the date of said injury by plaintiff against defendant for said injury, and afterwards plaintiff did take a nonsuit in said cause and within a year thereafter plaintiff filed this suit, and that Wall Street and Seventh Street intersected in said city, and were at said time public streets in said city, and that upon said date her husband was riding a bicycle north upon Wall Street in the city of Joplin, and that as he approached Seventh Street which intersects Wall Street, and runs in an east and west direction, an automobile truck driven by a servant of the defendant in the furtherance of its business, was approaching on the right side of Seventh Street from the west, and that when her said husband reached Seventh Street upon his said bicycle he turned the same into the left side of said street, and that as defendant's automobile truck approached said Albert Albright he was in danger of being struck by said truck unless same was checked, stopped or the course thereof changed, if you so find, and that defendant's servant in charge of said truck saw, or by the exercise of ordinary care could have seen his said danger, if any in time, by the exercise of ordinary care, with the appliances at hand, to have stopped said truck or checked the speed or changed the course of said truck with reasonable safety to the occupants of said truck and prevented injury to said Albert Albright, if you so find, and if you further find that defendant's said servant failed to exercise such ordi-

nary care and failed to check or stop said truck, or to change the course thereof, and that by reason of such failure to check or stop said truck or to change its course, said truck was not stopped or checked or the course thereof changed, and by reason thereof the said Albert Albright was struck by said truck and killed, then you must find for the plaintiff."

While it is true that this instruction required the jury to find that if defendant's servant, in charge of said truck, saw or by the exercise of ordinary care could have seen deceased's danger in time, by the exercise of ordinary care and with the appliances to stop said truck or change its speed or change its course, and that if there was a failure to do so, the jury would find for the plaintiff. Yet the deceased was always in danger from the moment he turned west on Seventh Street and the automobile was yet 135 feet from him, provided both continued as they were then going, and the automobile was not checked, stopped, or its course changed, and no one could say that at that point the driver of the automobile must act, where he had a right to believe that the deceased saw him approaching and yet had ample time to pass without injury, even though deceased was on the wrong side of the street. Under these circumstances the duty did not devolve upon him to take action to avert an accident until he had proceeded to a point where it would appear to the ordinary person that the deceased could not get out of his way. That point is fixed by the plaintiff's witnesses at from 20 to 25 feet, within which space it is shown the automobile could have been stopped, and by the defendant's witnesses that it was so close before that condition was apparent that no action was possible to take to avoid it, which constitutes the case to be tried to a jury under proper instructions as we understand it.

In order to fix liability in this case the jury must be required to find under the evidence, that the deceased, in approaching the automobile, reached a point in distance in front of it where he was in peril of being struck, from which peril he could not extricate himself; that such peril was or could have been discovered by the exercise

of ordinary vigilance on the part of the automobile driver in time thereafter for him to have stopped or checked or changed the course of the car with the means thereon provided.

For the error in plaintiff's instruction in omitting a necessary finding, the judgment must be reversed and the cause remanded for a new trial.